SETH W. CHASE, *as Warden of the Kansas State Penitentiary*, v. THE BOARD OF DIRECTORS OF THE KANSAS STATE PENITENTIARY.

PENITENTIARY—*Settlement with Warden—Mandamus.* The warden of the penitentiary cannot by *mandamus* compel the board of directors of that institution to examine the adjusted bills and accounts of the warden, incurred in carrying on the business of the penitentiary, and indorse the warden's report or statement of the same, the duty of the board in the premises being to the public rather than to the warden.

*Original Proceeding in Mandamus.*

THE nature of the action and the material facts appear in the opinion herein, filed June 8, 1895.

*Frank Herald,* and *Waters & Waters,* for plaintiff.

*F. B. Dawes,* attorney general, and *A. A. Godard,* for defendant.

The opinion of the court was delivered by

MARTIN, C. J. : It is stated in the alternative writ that the plaintiff was duly appointed warden by the governor, by and with the advice and consent of the senate, for the term of four years from and after May 1, 1893 ; that the plaintiff duly qualified and took possession of the office on that day ; that his successor

has never been appointed and qualified and he has not been removed by the governor for cause, and he is the only person at the present time acting as warden, or who claims any right to act as warden ; that the governor, on March 21, 1895, attempted to suspend him and to appoint M. H. Markum as his successor, but the said M. H. Markum refused to take charge of said office, and so informed the governor, and no one has appeared to whom the plaintiff could have turned over and delivered the possession of the penitentiary. It is further claimed that the attempt to suspend the plaintiff is no valid reason for the board of directors to refuse to examine and audit his accounts as provided by law, and the governor has no authority to suspend him pending an investigation which has not yet been completed, and the results of which are not known, for the reason that this action on the part of the governor was taken under the provisions of chapter 239 of the Laws of 1889, and that the latest expression of the legislature on the subject as to the penitentiary is in chapter 152 of the Laws of 1891. It is further claimed that it is necessary, in order to conduct the business concerns of the penitentiary, that the defendant, the board of directors, should at the close of each month indorse all the monthly accounts of the penitentiary as reported to it by the warden ;. and that by reason of the failure and refusal of the board so to indorse the accounts and statements for the month of March, 1895, the warden was not able to make his monthly settlements and pay the said accounts, and that on May 9, 1895, the board will meet at the penitentiary in its official capacity. The writ commands the board of directors, immediately upon its receipt, to examine all statements of the warden with all persons or corporations with whom he has

had dealings on account of the penitentiary for March and April, 1895, and that such statements be indorsed by the board as provided by law, or to show cause to the court, on or before May 10, 1895, why defendant should not be required to do as commanded. The defendant board duly filed an answer to the alternative writ.

Counsel for plaintiff say in their brief :

"This action is brought for the sole purpose of compelling the defendant to properly conduct the business concerns of the penitentiary by the proper officer and in the interests of that institution, and we respectfully submit that this is a proper case for the speedy allowance of a peremptory writ in order that the affairs of the penitentiary may not suffer, but be continued in a proper manner."

Assuming, without deciding, that the defendant board ought to examine all adjusted bills and accounts of the plaintiff incurred in carrying on the business of the penitentiary, and indorse the plaintiff's report or statement of the same as contemplated by § 14 of chapter 152, Laws of 1891, yet we do not think that the plaintiff is the proper party to compel the board by *mandamus* to perform its duties to the public. The board is the governing body of the penitentiary. The warden is the chief executive and administrative officer under the direction of the board. That the warden should take the board to task for any supposed disregard of its duties is at least unseemly. Any corrective or visitorial proceeding ought to be initiated by the state through its appointed agencies. Although the plaintiff may be warden *de jure*, yet in this proceeding he stands in no better position than a private citizen, and cannot champion the rights of the public. Many cases decided by this court might be cited to justify our conclusion, but we deem the following suf-

ficient : *Bobbett v. The State, ex rel.*, 10 Kas. 9 ; *Turner v. Comm'rs of Jefferson Co.*, 10 id. 16 ; *Reedy v. Eagle*, 23 id. 254 ; *Adkins v. Doolen*, 23 id. 659, 666 ; *Nixon v. School District*, 32 id. 510 ; *Ralston v. Railway Co.*, 53 id. 337, 338.

Peremptory writ denied, and judgment for defendant.

All the Justices concurring.